J. G. BROWN, plaintiff in error, *vs.* SEABORN CROWLEY, defendant in error.

If B purchase from A two parcels of land at the same time, and when they come to draw the writings, A suggests that B, to save the writing of two deeds, take a deed for one of the parcels from C, from whom A had purchased it, but had not yet gotten title, saying it would do just as well, and B consented, and there was in fact a mortgage on that land, given by C, of which B was ignorant: *Held,* that B. who had the mortgage to pay, might, in a suit by A on one of the notes given at the time, plead a failure of consideration to the amount of his damage.

Complaint.    Motion for new trial.    Decided by Judge POPE.    DeKalb Superior Court.    March Term, 1869.

Brown sued Crowley upon a note for $609 00, made by Crowley on the 16th of December, 1862, and payable to Brown, or bearer, on the 25th of December, 1863. Crowley plead that this note was given in part payment of a settlement of lands sold to him by Brown, the legal title to a part of which was in one Hightower; that Brown induced him to take a deed to that part from Hightower, fraudulently representing that it would be as good as a deed from him, and would save the trouble and expense of two deeds; that that part was in fact mortgaged by Hightower to one Cook, as trustee for Cook's wife, for $400 00 and interest, which mortgage was foreclosed, and under the *fi. fa.* issued upon it, that part was levied on and sold, and Crowley had to pay $570 00 in present currency to keep his possession of that part, and that said note having been given "in Confederate times," said $570 00 is equal to it, and therefore he, Crowley, should not pay any more.

The plaintiff read in evidence the note and closed. The defendant testified that the note was given in part for the land where he resides, a part of which was covered by said mortgage; he bought the land at the date of the note from Brown; it was priced to him in two parts, seventy-five acres in woods, which Brown had owned some time, at $1500 00, and the other was the Hightower place, (230 acres,) upon

which were the houses and cleared land, and much of it worn, at $2500 00. The Hightower place was not worth more per acre than half the value of the other part. Hightower was living there then, and made the deed to Crowley, because it was thought unnecessary to have a deed from him to Brown, and from Brown to Crowley. Crowley gave a note for $1000 00, due 25th December, 1863, payable to Brown, the note sued on, and another for $200 00 or $300 00, and paid the balance in Confederate money, except a small amount which Brown owed Crowley. Hightower took the $1000 00 note, $1000 00 in said currency, and $500 00 in a stallion which Crowley had sold to Hightower. Hightower had rented this Hightower place from Brown, and had hired a negro, and it was necessary to arrange with Hightower for possession, and, to induce him to give possession, Brown took the negro. Witness did not trade with Hightower, but with Brown only, and took the deed from Hightower because Brown said it would save the trouble of making two deeds, and said that a deed from Hightower to witness would answer every purpose.

The defendant read the mortgage from Hightower to Cook, as aforesaid, on said Hightower's place, made 15th of January, 1860, to secure Hightower's notes to Cook, trustee, for $400 00, due 25th December, 1864, and a *fi. fa.* issued upon the foreclosure of said mortgage, on which *fi. fa.* it appeared that said land was sold under it, and that Crowley bought it at such sale for $570 00. Plaintiff's attorneys objected to these documents because it was not shown that Brown sold Crowley the Hightower place.

The defendant closed. Plaintiff, in rebuttal, testified that he acted as agent of Hightower in selling the Hightower place to Crowley, and got no payment for his services, and that this note was given in part payment for said lot sold at $1500 00 at the same time; Hightower made the deed to the Hightower place, received the $1000 00, and took the $1000 00 which witness thinks was payable to Hightower, and not to himself; that he, Hightower, afterwards sold said note of $1000 00 to William Wright. At the date of the

trade Hightower was solvent, owned land and slaves, and was worth more than witness. He agreed with Crowley as to the incidents of the trade, except that he stated that the two pieces were sold separately, one for himself, and the other as agent for Hightower.

They further read in evidence the said deeds made by Brown and by Hightower respectively, for said parcels of land respectively made on the day when the note sued on was made. WILLIAM WRIGHT testified, that in 1863 he bought of Hightower a note for $1000 00, made by Crowley, due 25th December, 1863, and that he thought it was payable to J. G. Brown, but was not certain as to the payee. The draftsman of said deeds testified that Brown suggested at the time that there was no use for having two deeds for the Hightower place, that a deed from Hightower directly to Crowley would be sufficient, inasmuch as Hightower had not made a deed to Brown. The draftsman said Hightower's deed would be sufficient, and he accordingly drew it.

There was other testimony as to the value of the land and of Confederate currency, but it is not material now. The jury found for the defendant. Plaintiff's counsel moved for a new trial upon the grounds that the Court erred in admitting as evidence the mortgage from Hightower to Cook, and the *fi. fa.* founded on its foreclosure; because the Court charged the jury that if the evidence shewed that the note was given for the land covered by said mortgage, and that land was sold under a foreclosure of that mortgage, and defendant was compelled to buy that land in order to protect his possession and title, he was entitled to a reduction of the note sued upon to the extent of the amount so paid by him, and because the verdict was contrary to the weight of the evidence and the law. The two first grounds were put upon the assumption that there was no sufficient evidence that Brown sold the Hightower place to Crowley as his, Brown's, and not as Hightower's land, being sold by him as agent for Hightower. The Judge refused a new trial, and that is brought up for review.

HILL & CANDLER, for plaintiff in error.

WM. EZZARD, for defendant in error.

McCAY, J.

The evidence in this case is very strong that both these parcels of land were sold by Brown to Crowley, and that the note sued on is a part of the consideration. It is true Brown denies this, and says that as to the Hightower land he, avowedly, only acted as agent. But this is contradicted by Crowley, and is wholly inconsistent with the facts stated by Stewart, who drew the deeds, as well as by the recollection of Wright, that the $1000 00 note was payable to Brown. Stewart directly corroborates Crowley, and says that when they came to have the deeds written, Brown suggested that it was unnecessary to have two deeds to the Hightower land, which he had previously bought, but had not got the deed, as a deed directly from Hightower to Crowley would be sufficient. The jury were not only justified, but bound to find for the defendant under the evidence; the justice and equity of the case is clearly that way, and a new trial ought not to be granted, unless there be some stubborn rule of law which requires a verdict for the plaintiff.

It is contended that under the Statute of Frauds, the evidence that this note was given, as set up by the defendant, is illegal, as it all rests in parol; that it also contradicts the deeds made at the time, and that according to his own showing Crowley agreed to rely on Hightower's warranty, and as a consequence waived any obligation from Brown. We think neither of these views controlling. There was no intention of Crowley to waive anything. He had bought from Brown, at his suggestion, and by the advice of the scrivener, that it would do just as well, he took a title direct from Hightower, merely to save writing. It was thoroughly understood, that this was with the belief that it would do just as well as if two deeds were to be made. It has *not* done just as well. The intent was to give Crowley a good and sufficient title.

Brown *vs.* Crowley.

By Brown's suggestions he failed to get it, though both he and the writer of the deed thought the paper drawn answered every purpose that a deed from Hightower to Brown, and a deed from Brown to Crowley, would have done. If Brown knew this mortgage was upon the land, then his conduct was a fraud upon Crowley. If he did not know it, then he, as well as Crowley, acted under a mistake, and it is contrary to equity to permit him to take advantage of it. He was bound to make Crowley a good title, and Crowley has not, with any intent so to do, waived the obligation. In the defence of a note the defendant may, in this State, set up at law any defence that would be good in equity. Without doubt, if Crowley took the deed direct from Hightower, with the belief that it was just as well, and he was mistaken as to the fact, equity would relieve him, as against Brown, from the consequences of this mistake.

This same line of reasoning is a reply to the other positions. If Brown was guilty of a fraud, or if the parties acted under a mistake of fact, equity will not refuse to interfere because it is necessary to resort to parol evidence. In the search after fraud, or to correct mistakes, the rule that deeds speak for themselves, and that contracts in reference to land must be in writing, does not obtain, and in a case like the present, under our law, the parties stand just as though there was a bill filed. The case is simply this: Crowley buys the land from Brown and gives his notes. Either by a fraud of Brown, or by a mistake of fact, to save two deeds, Crowley takes a deed from Hightower, Brown saying that such a deed would answer the same purposes as a deed from Hightower to him and then a deed from him to Crowley. It turns out that in fact there is a mortgage on the land, given by Hightower, which Crowley has to pay. It seems to us the clearest equity that, in this state of facts, Crowley may have the amount recouped against the note still in Brown's hands and now sued on.

Judgment affirmed.